UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIE QUINBY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　Defendant. | Case No.: 2:15-cv-1663-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the case of *Quinby v. State Farm Fire and Casualty Company*, (2:15-cv-1663-GMN-CWH).  On August 28, 2015, the Court ordered that Defendant show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (ECF No. 5). On September 11, 2015, Defendant filed a Response. (ECF No. 6).  For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.　　BACKGROUND**

This action centers upon allegations by Plaintiff Marie Quinby that Defendant, her insurer, breached the underinsured motorist provisions of her policy by refusing to tender the limit of $50,000 following an auto accident that occurred on March 1, 2014. (Compl. ¶¶ 3, 13, 21, ECF No. 1-2).  This case was originally filed in Clark County District Court on July 6, 2015. (*Id.* p. 1). On August 27, 2015, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. ¶ 1, ECF No. 1).

The Complaint sets forth causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and violations of Nevada's Unfair Claims Practices Act, upon which Plaintiff seeks to recover amounts in excess of $10,000 each. (Compl. pp. 6-7).

Plaintiff also seeks to recover an unspecified amount in punitive damages and attorney fees for each of her claims. (*Id.*).

## II.     LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.    ANALYSIS

This Court has original jurisdiction over civil actions: (1) in which the amount in controversy exceeds the sum or value of $75,000; and (2) which are between citizens of different States. 28 U.S.C. § 1332(a).  As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000, and therefore the Court will remand this action.

In its Response, Defendant asserts that this case satisfies the amount in controversy requirement because Plaintiff previously demanded payment of the full $50,000 policy limit and is now seeking additional sums for bad faith, unfair claims practices, as well as punitive damages. (Def.'s Resp., ECF No. 6).  In support of this assertion, Defendant lists several insurance bad faith cases in which plaintiffs received awards in excess of $75,000. (*Id.* at 3:4-21). However, Defendant's Response does not describe the underlying facts of those cases or show how Plaintiff's injuries in the instant case could warrant similar relief.

It is well established that when determining the amount in controversy, a court cannot

consider awards issued in other actions unless a defendant identifies factual similarities which raise an inference that a similar award might be warranted. *See, e.g., Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Here, Defendant has failed to make any factual comparison whatsoever, and instead merely relies on the fact that the plaintiffs in the cited cases raised the same causes of action set forth in the instant case. Therefore, Defendant has failed to satisfy its burden to demonstrate that the amount in controversy exceeds $75,000. Accordingly, the Court will remand this case.[1]

## CONCLUSION

**IT IS HEREBY ORDERED** that that this action is remanded to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this 18th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.